IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : CRIMINAL ACTION |
|---|---|
| v. | : NO. 22-35-1 |
| ANDREW WOLF | : |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**AND NOW,** this 16th day of February 2023, upon considering the United States' Motion for preliminary forfeiture (ECF Doc. No. 75), evidence adduced at today's sentencing hearing and finding as a result of Andrew Wolf's guilty plea as to Counts One through Eight of the Indictment charging him with conspiracy to manufacture child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count One); and manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts Two through Eight), the Defendant is required to forfeit criminally: (a) any visual depiction or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received, in violation of 18 U.S.C. § 2251(a), (e); (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the Defendant's violations of 18 U.S.C. § 2251(a), (e); and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the Defendant's violations of 18 U.S.C. § 2251(a), (e), under 18 U.S.C. § 2253, it is **ORDERED** the Motion (ECF Doc. No. 75) is **GRANTED** and we enter **JUDGMENT** requiring Mr. Wolf **forfeit** to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violation as charged in the Indictment under our terms:

1. As a result of Andrew Wolf's guilty plea as to Counts One through Eight of the

Indictment charging him with conspiracy to manufacture child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count One); and manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts Two through Eight), the Defendant is required to forfeit criminally: (a) any visual depiction or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received, in violation of 18 U.S.C. § 2251(a), (e); (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the Defendant's violations of 18 U.S.C. § 2251(a), (e); and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the Defendant's violations of 18 U.S.C. § 2251(a), (e), under 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2).

2. All visual depictions and all books, magazines, periodicals, films, videotapes, and other matter which contain any such visual depictions, which were produced, transported, mailed, shipped or received, in violation of 18 U.S.C. § 2251(a), (e); all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the Defendant's violations of 18 U.S.C. § 2251(a), (e); and all property, real or personal, used or intended to be used to commit or to promote the commission of the Defendant's violations of 18 U.S.C. § 2251(a), (e), and all property traceable to such property, are forfeited to the United States.

3. The Court has determined, based on the facts set forth at the defendant's change of plea hearing, and in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One through Eight of the Indictment, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

2

a. One (1) Apple iPhone XS, bearing International Mobile Equipment Number (IMEI) 357207096691969;

b. One (1) Apple iPad Pro, model A1673, bearing serial number LXR81Q7H1MK;

c. One (1) Seagate 500 GB USB hard drive, bearing serial number NA03155M; and,

d. Four (4) CD/DVDs recovered from defendant Wolf's closet,

as the property used or intended to be used to commit or to promote the commission of the defendant's violations of 18 U.S.C. § 2251(a), and (e), or the property traceable to such property, as charged in Counts One through Eight of the Indictment (hereinafter referred to as the "Subject Property").

4. Under Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment.[1]

5. Upon entry of this Order or any amendment thereto that is entered under Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, under Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the Attorney General or a designee, under Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate,

---

[1] See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

3

and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas under Fed. R. Civ. P. 45.judgment.

7. Under 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable under Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, under 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged

interest in the Subject Property, and for an amendment of the order of forfeiture, under 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, under Fed. R. crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), and to counsel for the parties.

KEARNEY, J.