# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 22-35-2 |
| v. | : | |
| KRAY STRANGE | : | |

*O R D E R*

AND NOW, this _____ day of March, 2023, upon consideration of the Government's motion, and after balancing the public right of access to court documents with ensuring the confidentiality of an ongoing criminal investigation and protecting the identities of minor victims of sexual exploitation, it is hereby

*O R D E R E D*

that Exhibits B, C, and D to the Government's Sentencing Memorandum are impounded until further order of this Court. The Clerk of Court is directed to make no public docket entry of the sealed document, and to provide copies of all sealed documents only to Kelly Harrell, Assistant United States Attorney.

BY THE COURT:

_____
HONORABLE MARK A. KEARNEY
United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 22-35-2** |
| v. | : | |
| **KRAY STRANGE** | : | |

### *GOVERNMENT'S MOTION TO IMPOUND*

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney in and for the Eastern District of Pennsylvania, and Kelly Harrell, Assistant United States Attorney for the District, moves to impound the within documents and related docket entries, and in support of its Motion states as follows:

1. The within Motion seeks to seal documents which, if made public would jeopardize the government's interests in protecting the integrity of an ongoing criminal investigation and protecting the identities of minor victims of sexual exploitation.

2. The government's sentencing filings are judicial records to which there is a public right of access. However, the Third Circuit has held that, in a criminal case, the Court may seal otherwise public information "if it 'is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985) (citation omitted). In *Smith*, the Court of Appeals permitted sealing of a portion of a bill of particulars, finding that the naming of persons in the bill as unindicted co-conspirators carried such a risk of harm to uncharged persons to warrant sealing of that portion of the document.

3. Although the public has a common law right of access to judicial

proceedings and papers, matters relating to not jeopardizing an ongoing criminal investigation are traditionally conducted ex parte and in camera, with deference to the government's determination that investigative matters should be sealed. The government has a compelling interest in protecting the confidentiality of an ongoing FBI investigation.

4. Similarly, the government has a compelling interest in protecting the identities and personal information of minor victims. *See* 18 U.S.C. §§ 3509(d) (The Child Victims' and Child Witnesses' Rights Act) and 3771(a) (The Crime Victims' Rights Act).

5. To protect these interests, the government seeks a sealing order from this Court for Exhibit B, Exhibit C, and Exhibit D to the government's sentencing memorandum, all of which contain identifying information for minor victims. Exhibits B and C (selections of Telegram chat messages between the defendant, his co-defendant, and another offender) also contains information related to other offenders who are targets of an ongoing criminal investigation. Exhibits B and C were provided in discovery pursuant to protective orders signed by this Court and the Honorable Timothy R. Rice, U.S. Magistrate Judge. *See* ECF Nos. 11, 23, and 30.

6. Accordingly, balancing the public's right of access to judicial documents with the government's interests in not jeopardizing an ongoing criminal investigation and protecting the privacy of minor victims and their families, the government respectfully requests that the government's Motion be GRANTED. The government further requests that the Clerk of Court be directed to make no public docket entry of the sealed documents, and to provide copies of all sealed documents only to Kelly Harrell, Assistant United States Attorney.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney