IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | | |
|---|---|---|---|---|
| UNITED STATES OF AMERICA | : | : | 22-CR-313-02 | |
| v. | : | : | | |
| | : | : | | |
| KRAY STRANGE | : | : | (KEARNEY, J.) | |

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE ON BEHALF OF DEFENDANT KRAY STRANGE**

TO THE HONORABLE, MARK A. KEARNEY, JUDGE OF THE SAID COURT:

Defendant, above named, by counsel, files this sentencing memorandum.

**I.     INTRODUCTION AND ISSUES**

The purpose of this introductory section is to give the court a context within which to view the defendant and his crime. Nothing in this sentencing memorandum is meant to depreciate the seriousness of the crimes committed or the injuries inflicted.

Mr. Strange now view himself as gender neutral. He is in the process of transitioning from male to female in gender, but it is fervent intention not to complete the transition but rather stop that transition at the mid-point when he will fully be gender neutral. While his sexual impulses are minimal at this time it is his goal to reach a state in his gender transition where he will not have any sexual urges. In part, Mr. Smart sees an incomplete transition and a solution and in part he sees it as a substantial element of his punishment. In his view, his punishment has three constituent elements – a lengthy period of incarceration, effectively neutering himself, and eternal damnation wherein he will dwell forever in the "outer darkness."

Mr. Strange is of the Mormon faith. His parents are devout Mormons and Mr. Strange considers himself a Mormon even though he is considered apostate due to his sexual orientation and having committed serious sexual offenses. He is considered apostate because no good Mormon commit the crimes Mr. Strange committed, be involved in pornography, and acting on his homosexual impulses. According to his religious beliefs, when he dies, he will be cast into the "outer darkness" where the angels of Satan reign and his eternal soul will be subject to pain and agony for all of eternity. In Mr. Strange's cosmology no sentence,

however long, that this Court may impose will rival the sentence already imposed upon him by his god.

Mr. Strange is approaching his twenty-first birthday. Unlike his co-defendant, a middle-aged man and a teacher, Mr. Strange is still a callow and impressionable youth. He has thought he was in love with Mr. Wolf and that Wolf was in love with him. He is a virgin and firmly believes that he will end his days on this earth as a virgin. He is filled with self-loathing. As he told the Court at the change of plea hearing he "deserves to be punished." It is an understatement to say he is truly remorseful. Mr. Strange freely admits that he and Wolf committed heinous crimes and hurt innocent young adolescents.

## II.   APPLICABLE GUIDELINE CALCULATION

The PSR calculate the total offense level as 43 and the criminal history category as I This yields a guideline range of life imprisonment. There is also a mandatory minimum sentence of fifteen years (180 months). The guideline range is similar to that for most kidnappings and murder.

## III. **MOTION FOR DOWNWARD VARIANCE**

.As noted in <u>Kimbrough v U.S.</u>, 552 U. S. 85129 S. Ct. 558, 169 L. Ed. 2d 481, a guideline range is what the Sentencing Commission believes to be the range of punishment in the ordinary case and the guideline range gives a rough approximation of sentences that might achieve the goals of sentencing. However, the sentencing judge is in the best position to weigh the facts and sentencing factors and judge their import in a particular case, <u>Rita v. United States</u>, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007). <u>Gall v. United States</u>, 552 U.S. at 51, 128 S. Ct. 586. 597 (2007). In this case, the sentencing guidelines can only be used as a starting point, a reference point if you will. The sentencing factors set forth in 18 U.S.C. section 3553 (a) serve as the proper guideline for fashioning a sentence.

The pre-sentence report lists the need to avoid sentencing disparity as a basis for a variance. Undersigned counsel suggests several additional grounds for variance. There should be a downward variance based on Mr. Strange's youth at the time of the offense. There should also be a variance based on a substantial amount of sexual abuse outside the home and physical abuse within the home. Undersigned

4

counsel also suggests a variance based on the draconian nature of the guidelines for this offense and a variance based on Mr. Strange's psychological disorders and disabilities. There should also be a variance based on Mr. Strange's religious belief that as a result of his sexual orientation and the nature of his offenses he will be cast into the "outer darkness" where Satan's angels' rule and existence in the hereafter is filled with pain and agony. Thus, the greatest penalty that he will suffer is not the penalty imposed by this court, but the penalty imposed by his God.

BOP categorizes Mr. Strange as a Mental Health Care Level Inmate. This is an inmate who is in need of psychological treatment consisting both of a medication regiment and a therapy program. Mr. Strange has been housed in the mental health unit of the FDC and spent time at MCC Chicago where he underwent a thorough mental health evaluation by Dr. Robin Watkins. His diagnosis by Dr. Watkins was as follows:

1. Autism Spectrum Disorder, Level 1which requires support and therapy but not placement in an in-patient program and without intellectual impairment. Dr. Watkins notes that this is a "pervasive developmental disorder" and that while Mr. Strange is "high functioning" his autism

disorder has "impacted his ability to interact successfully with his peers and appears to be linked to some degree to his criminal history."

2. Anxiety disorder with limited episodes and successful treatment with medication.

3. Paraphilic Disorder (Hebephilia) which means he is attracted to post-pubescent boys generally in their early teen years. Thus, he is not a classic pedophile as he is not attracted to pre-pubescent children.

### III.  **MOTION FOR DOWNWARD VARIANCE**

Several grounds for a downward variance exist. They are youth, a history of sexual abuse, family circumstances, the draconian nature of the guidelines for this offense and the need to avoid unwarranted disparity in sentences and Mr. Strange's religious belief that as a result of his sexual orientation and his crimes which are sexual in nature, he will, when he passes from this earth into the hereafter he will be cast into the "outer darkness where Satan and his angels rule. His autism also appears to have played a role in pre-disposing him to participate with Wolf in the offenses for which he now stands before the court for sentencing. The grounds for variance will be discussed below seriatim.

**A. <u>Youth</u>**

Youth can be a basis for a downward variance, <u>Gall v. United States,</u> 552 U.S. 38, 128 S. Ct. 586, 159 L. Ed 2d 445 (2007). Mr. Strange is approaching his twenty-first birthday. His criminal activity took place largely when he was eighteen and nineteen. It is well known that the brain does not fully mature until approximately the age of twenty-five, <u>Miller v. Alabama</u>, 567 U.S. 470, 132 S. Ct. 2455 (2012). Mr. Strange was sophisticated in terms of his computer skill but very immature in all other aspects of his life. Mr. Strange lacked life skills because of his psychological deficits and his youth. His first serious attachment was with his co-defendant. It is fair to say that Mr. Strange had a youthful crush on Mr. Wolf and thought he was in love with Wolf. To his skewed and immature view of relationships he thought Wolf was in love with him. The reasons for his participation in the criminal scheme were more romantic than prurient. As Dr. Watkins makes clear the emotional drivers of his actions were more his affection and attachment to Wolf than they were a desire for sexual gratification. Whatever interactions he may have had with others who were like Wolf were motivated by a desire to please and a desire to appear powerful and in control. These are character traits that fade with maturity, but Mr. Strange was sorely lacking in maturity.

### B. History of Abuse

Mr. Strange suffered sexual abuse at the hands of strangers. Both the pre-sentence report and the psychological report note several incidents of sexual molestation of Mr. Strange. One of the more salient incidents was with a man in uniform in El Paso. This man may have been military or with the border patrol. These incidents of abuse had a marked effect on Mr. Strange. While not all abused children become abusers themselves, this is frequently what transpires. As this court well knows, many individuals who commit sexual abuse on children and youth were themselves the victim of abuse. For this and other reasons, a history of abuse is recognized as a basis for downward variance, United States v. Goff, 501 F. 3d 250 (3rd Cir. 2007). Mr. Strange also experienced physical abuse in the home at the hands of his older brother and his parents. The beatings by his older brother left him with damage to his ear. His parents appear to have used various household implements to inflict physical pain on him for a variety of perceived transgressions. Family circumstances are also a recognized basis for a downward variance, United States v Grier, 585 F. 3d 138 (3rd Cir. 2009).

### C. Draconian Nature of the Guidelines and need to avoid sentencing disparity.

It is now well-established that policy differences with the applicable guidelines and a need to avoid unwarranted sentencing disparity are ground for variance. Both exist in this case. The applicable guidelines are clearly draconian in nature and are equivalent in terms of sentence length to the guidelines for murder and most kidnappings. The crimes in this case were egregious but far from comparable to murder.

### D. Religious Beliefs

Although he is considered apostate, Mr. Strange firmly believes that when he dies his immortal soul will be cast into the fourth level of heaven. According to Mormon teachings that fourth level is called the "outer darkness" and it is where Stan's angels' rule. In Mormonism "outer darkness" can refer to hell (the place where the spirits of the wicked reside after death but before the resurrection) or to the place where the sons of perdition will reside. The latter meaning is a place where the glory of God is completely absent and is the place where Satan and his angels will reside and rule. Mormons beliefs on hell relate to the movement's doctrines of the plans of salvation, the degrees of glory and the telestial kingdom.

Thus, the punishment that will be imposed by this court pales in terms of God's eternal judgement of Kray Strange.

  E. **Autism**

Although Mr. Strange is considered "high functioning" in terms of his autism the psychological report makes it clear that his autism is a contributing factor to his forming a close attachment with another human being. While Mr. Strange willingly participated in the scheme and initiated certain activities he was driven by his close attachment to Wolf. His social isolation lead him into the online world and his symptoms clearly impacted his ability to form normal human attachments and relationships. A hallmark of ASD is a persistent deficit in social communication and interaction in all aspects of life. As a result, his attachment to Wolf was his first serious attachment. While his ASD did not cause his criminality it did help to drive him metaphorically, into the waiting and open arms of an older and much more worldly and sophisticated man.

IV. **DISCUSSION OF SENTENCING FACTORS SET FORTH IN 18. U.S.C. SECTION 3553(a)**

18 U.S.C. section 3553(a) (1) directs the court to look first at the nature and history of the offense and the history and characteristics of the defendant. Subsection (a)

(2) directs the court that the sentence should reflect consideration of the seriousness of the offense the need to promote respect for the law and the need to impose just punishment. The statute also requires a sentence that affords adequate deterrence both to the offender and to others in society who might be inclined to commit similar offenses. Finally, the court is to consider the need for rehabilitation and the offenders need for vocational, educational, and other training. Any sentence imposed should be sufficient but not greater than necessary to meet the requirements for a fair and just sentence.

During the years that the guidelines were mandatory a certain mythology arose as to their reliability. It was thought that they were based on empirical evidence as to what sentences worked and that there was some objective basis for each guideline. What we have learned in recent years is that the guidelines themselves are, in many ways the products of policy decisions, not facts, of political considerations, not objective data. They retain validity as a starting point, to be sure, and each sentencing court must still accurately calculate the now "advisory" guidelines. However, a sentencing judge must be mindful that the guidelines are, at best, justice at the "wholesale" level while sentencing is an exercise in justice at the "retail level." Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007). Many

judges have said that crafting a fair and just sentence is one of the hardest jobs for a judge to perform. In this case counsel suggests that a sentence below the guidelines is appropriate.

V.      **Defendant's Circumstances**

It's easy to say that even if Mr. Strange is sentenced to thirty years or more, he will still have a life when he gets out Maybe. The truth is a lengthy sentence frequently breaks a man or leaves him institutionalized and therefore incapable of living a meaningful life after incarceration. Some are strong enough to survive and indeed to thrive. Most are not. Mr. Strange is just shy of his twenty first birthday. What a prolonged incarceration will do to him remains to be seen but the prospects for this immature and damaged young man are not good.

IV.     **SENTENCING RECOMMENDATION**

Undersigned counsel respectfully submits that the Court should impose a sentence at or close to the mandatory minimum of fifteen years. A sentence of that length accomplishes all the goals of sentencing as laid out in 18 U.S.C. section 3553 (a)

Respectfully Submitted,


    /s/ BARNBY C. WITTELS
    BARNABY C. WITTELS, ESQUIRE.
    Attorney for Defendant
    Kray Strange

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | : | 22-CR-313-02 |
| v. | : | : | |
| KRAY STRANGE | : | : | (KEARNEY, J) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this date, served a copy of the foregoing Sentencing

Memorandum, upon the following individual electronically and by email:

Kelly Harrell Esquire
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Dated: March 24, 2023

/S/Barnaby C. Wittels
Barnaby C. Wittels, Esquire
WITTELS LAW, PC
1420 Walnut Street, Suite 1200
Philadelphia, PA 19102
267-519-0700 (voice)
Barnabywttls239@gmail.com (E-mail)
Attorney for Defendant
Kray Strange